13535

FULMER v. HAWLEY *ET AL.*

(166 S. E., 785)

*Mr. Buford Jackson,* for appellant, cites:

*Mr. G. R. McElveen,* for respondent,

December 8, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In May, 1922, L. L. Morgan, one of the defendants in this case, gave to the plaintiff, Fulmer, a mortgage for $1,250.00 covering certain real estate in Richland County. Thereafter Morgan conveyed the property to the defendant, Hawley, who, in 1924, mortgaged it to Irma Redmon and D. S. Bouknight, executing in favor of each of them a mortgage for $1,000.00. This suit was brought by Fulmer, in March, 1930, for the foreclosure of his mortgage.

The defendant Hawley filed an answer, alleging that one S. M. Busby was the general agent of plaintiff in the making of real estate loans, that the proceeds to be derived from the execution of the mortgages given by Hawley to Redmon and Bouknight were intended to be applied to the satisfaction of the mortgage held by Fulmer, and that this transaction constituted a tender of the mortgage debt due the plaintiff. By way of counterclaim, he further alleged that, some time after he had mortgaged the premises to Redmon and Bouknight, he contracted to sell the property to one W. A. McFall for $2,800.00 cash; that he requested cancellation of the mortgage given to Fulmer or of the mortgages given to Redmon and Bouknight, but that both requests were refused; and that, by reason of such refusal, the defendant was unable to make the sale of the premises, and was thereby damaged by plaintiff in the sum of $1,500.00.

The case was referred to the master of Richland County, who reported that the mortgage held by plaintiff was a first lien on the property, and that there was due and unpaid thereon, principal, interest, and attorney's fees, the sum of $2,136.37. He also reported as follows:

"I further find that certain mortgages were executed by R. W. Hawley looking to a refinancing of the indebtedness due against said property, one of said mortgages executed by R. W. Hawley to D. S. Bouknight and another of said mortgages executed by R. W. Hawley to Mrs. Irma Redmon, both of said mortgages were mentioned in the testimony herein and both of which have been marked duly

satisfied and entered in the office of the Clerk of Court for Richland County.

"I further report as special master that motion was made to have D. S. Bouknight and Mrs. Irma Redmon made parties defendant herein, which motion was refused by the master; D. S. Bouknight was ordered to be made a defendant, but his interest having been satisfied, he was not served with proceedings herein."

Upon exceptions by the defendant Hawley, the matter was heard by Judge W. H. Townsend, who, in an order dated February 3, 1932, confirmed the master's report. From this order Hawley appeals.

The appellant contends that Judge Townsend committed error in not holding, under the testimony, that Busby was "the general agent for plaintiff in placing loans," and in not holding that the transaction in which Hawley mortgaged the premises to Redmon and to Bouknight constituted a tender of the amount due on the mortgage from Morgan to Fulmer.

The record in this case is very imperfect; the testimony adduced by appellant to establish his contentions is meager. Fulmer testified that about 1914 he began making real estate loans; that out of about ninety of such loans "the majority were made by Mr. Busby, and in making these loans sometimes I went out and inspected the property in advance and sometimes I did not"; that Busby collected most of the interest "till the last year or so," and "looked after the fire insurance," though not altogether. With respect to the loan made to Morgan, he testified that neither Morgan nor Hawley paid him any interest that was not paid through Busby. Hawley testified that Busby negotiated the two $1,000.00 mortgages, and that he was to get the Fulmer mortgage in a few days after he signed the mortgages given to Redmon and Bouknight; but that he had never received the Fulmer mortgage, and had never gotten any money on either of the two mortgages executed by him, nor had he ever been

called upon to pay any interest on them. It appears that no interest was paid on the mortgage held by plaintiff after July 1, 1924, and that the taxes on the mortgaged property were not paid after 1925.

Under the facts disclosed by the evidence, the contentions of the appellant must fail. Even though Busby had authority, as the agent of Fulmer, to make certain mortgage loans for him and to collect the interest thereon, there is no evidence tending to show that he had any authority to collect the principal—neither the placing of loans nor the collection of interest thereon by an agent, nor both together, will, in the absence of other circumstances, establish agency for the collection of the principal. See *Leaphart v. Selby*, 135 S. C., 1, 133 S. E., 451; *Cogswell v. Cannaday*, 135 S. C., 365, 133 S. E., 834. In the transaction with Redmon and Bouknight, Busby was acting at Hawley's request and as his agent. We find no circumstances in that transaction that show an agency relationship between Busby and Fulmer; certainly, the fact that Busby may have been Fulmer's attorney in the making of the loan to Morgan is not sufficient to establish such relationship, even though it should be conceded that the transaction culminating in the execution of the two mortgages by Hawley was for the purpose of securing funds to pay the mortgage debt due Fulmer. And, further, counsel for appellant admits that "the money was never advanced on either of these two $1,000.00 mortgages," and that both of them were satisfied of record, although appellant had never paid anything on either of them. Nor is it made to appear that Busby ever received from Redmon or Bouknight on these mortgages any amount of money whatsoever. No facts are shown from which it could possibly be held that there was any tender of the mortgage debt due Fulmer.

Much light might have been shed upon the matter if Busby, Redmon, and Bouknight had been required to testify as to the transaction between Hawley and his two mortgagees, in which Busby seems to have played an important

part. The appellant, however, for some reason, failed to call these persons as witnesses; speculation and conjecture cannot be substituted for evidence.

What we have already said disposes of appellant's contention that his counterclaim should have been allowed.

Error is also assigned in the Court's refusal to make Redmon and Bouknight parties to the action. What has already been said with reference to this matter shows that appellant has no ground for complaint.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.